**Margaret KORROW, on behalf of herself and others similarly situated, Plaintiff,**

**v.**

**AARON'S, INC., et al., Defendants.**

Civil Action No. 10–cv–6317 (MAS)(LHG).

United States District Court,
D. New Jersey.

Signed June 30, 2014.

Christopher J. McGinn, Law Office of Christopher J. McGinn, New Brunswick, NJ, Henry Paul Wolfe, The Wolf Law Firm, LLC, North Brunswick, NJ, Mark R. Cuker, Williams, Cuker & Berezofsky, Esqs., Cherry Hill, NJ, for Plaintiff.

Damian V. Santomauro, Jennifer Marino Thibodaux, Justin Taylor Quinn, Michael R. McDonald, Gibbons, PC, Newark, NJ, for Defendants.

## ORDER DENYING DEFENDANT'S MOTION TO AMEND

LOIS H. GOODMAN, United States Magistrate Judge.

This matter comes before this Court upon Defendant Aaron's, Inc. ("Defendant" or "Aaron's") Motion for Leave to File Amended Counterclaim (the "Motion"). [Docket Entry No. 90]. On October 4, 2013, Defendant filed a brief in support of its motion ("Def's Brief"). [Docket Entry 90–1]. Plaintiff Margaret Korrow ("Plaintiff" or "Korrow") filed her brief in opposition on October 21, 2013 ("Plaint's Opp."). [Docket Entry No. 92]. On October 28, 2013, Defendant filed a reply brief in further support of the motion ("Reply"). [Docket Entry No. 95]. The Court has considered the Motion on the papers, without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Aaron's application seeking leave to amend is DENIED.

## I. BACKGROUND

Plaintiff, a former New Jersey resident, entered into a "rent-to-own" agreement with Defendant, and was allegedly charged usurious and illegal interest rates and fees. Complaint ¶ 1 [Docket Entry No. 1–1]. She filed a complaint on behalf of herself and fellow New Jersey consumers against Defendant in the Superior Court of New Jersey alleging that Defendant had violated the New Jersey Retail Installment Sales Act, N.J.S.A. 17:16C–1, et seq. ("RISA"). [Docket Entry No. 1–1] ("Complaint"). Plaintiff further alleged that a violation of RISA is a per se violation of the New Jersey Truth in Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12–14, et seq. ("TCCWNA") and the New Jersey Consumer Fraud Act, N.J.S.A. 56:8–1, et seq. ("CFA"). Id. Defendant, whose main business address is in Georgia and principal business location is New Jersey [Docket Entry No. 1], removed to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), on December 6, 2010. [Docket Entry No. 1–4].

Defendant then filed an answer. [Docket Entry No. 25]. Pursuant to a Stipulation and Consent Order, Defendant filed an

Amended Answer on February 7, 2012, this time asserting a Counterclaim against Korrow (the "Counterclaim"). [Docket Entry No. 33]. The Amended Answer contained numerous Separate Defenses, including Plaintiff's breach of contract (18th Separate Defense), as well as the doctrines of recoupment (22nd Separate Defense) and setoff (23rd Separate Defense). [Docket Entry No. 33]. In the Counterclaim against Korrow, Defendant asserts that she failed to make monthly payments as required under the lease agreement. Counterclaim ¶ 9. Aaron's further asserts that Korrow failed to return the leased merchandise until she allowed Aaron's to repossess it, causing Aaron's to suffer damages. Counterclaim ¶¶ 10–11.

The Court conducted an initial conference on November 9, 2011, which resulted in the entry of the November 22, 2011 Pretrial Scheduling Order. [Docket Entry No. 27]. The Order provided that any motions for leave to amend pleadings or add parties must be filed by February 10, 2012. That Order was later amended on February 15, 2012, and the deadline extended to April 13, 2012 to seek leave to amend. [Docket Entry No. 35]. No further extensions of the date were sought or received.

Subsequently, Defendant filed a Motion to Deny Class Certification. [Docket Entry No. 45]. In its brief, Defendant raised the issue that is the subject of the present Motion, arguing that many potential class members "face the prospect of being dragged into this lawsuit only to be sued on compulsory counterclaims." [Docket Entry No. 45–1 at page 2]. In response, Plaintiff filed a Cross–Motion to Certify Class on February 5, 2013. [Docket Entry No. 52]. In granting Plaintiff's motion for class certification, the Court noted that "[h]ypothetical counterclaims do not impact class certification, particularly where the record provides no basis for finding that such counterclaims would create difficulties that outbalance the advantages of class treatment." [Docket Entry No. 78 at page 15] (quoting *Allen v. Holiday Universal,* 249 F.R.D. 166, 183 (E.D.Pa.2008)).[1] Defendant now asks for leave to make those hypothetical counterclaims concrete.

By the present motion, Defendant seeks to add counterclaims against numerous unidentified class members.[2] The gravamen of the proposed counterclaim is that these class members breached their agreements with Aaron's in that they "failed to make all required monthly payments, failed to timely return leased merchandise, failed to pay late fees, destroyed or absconded with merchandise, and otherwise remained indebted to Aaron's for substantial sums of money...." *See* Proposed Amended Counterclaim, attached as Exhibit A to the Motion [Docket Entry No. 90–1] ("PAC") ¶ 16. The PAC asserts breach of contract, quantum meruit, and unjust enrichment against any class member who defaulted on his or her obligations; it also seeks to add quantum meruit and unjust enrichment to the previously pled breach of contract claims against Korrow. The PAC would also add new factual allegations as to Korrow, asserting that she entered into other agreements with Aaron's prior to the July 2013 Agreement that formed the original basis of this suit and that she had breached those Agreements as well. PAC ¶ 12.

## II. ARGUMENTS OF THE PARTIES

### A. Defendant's Arguments

Aaron's argues that it is entitled to amend its counterclaim because under Federal Rule of Civil Procedure 15 such leave is to be freely given, and its request is unburdened by the recognized countervailing factors of undue delay, bad faith or dilatory motive, undue prejudice or futility. Def's Brief at 4–5.

Aaron's argues that there has been no undue delay because the class was not previ-

---

1. Defendant sought leave to file an interlocutory appeal; that leave was denied on September 12, 2013.

2. On June 10, 2014, the Court requested that Aaron's provide an approximation of the number of likely class members subject to the proposed counterclaim. By letter dated June 16, 2014, Aaron's responded that approximately 9,000 of the 26,000 total class members breached their agreements with Aaron's and therefore would likely be subject to the proposed counterclaim if allowed.

ously certified so as to allow Aaron's to bring the motion to amend at an earlier time. *Id.* at 5. Prior to class certification, the individual members of the class were not parties to the suit and therefore Aaron's could not pursue its counterclaims against them. *Id.* at 7. As to Korrow, Aaron's contends that the proposed amendment will not prejudice her because it would not affect her claim or her defense to the amended counterclaim. *Id.* at 5–6. Class members would not be prejudiced because they were not parties to this action prior to class certification when the counterclaim was initially filed. *Id.* Aaron's urges that because the amended counterclaim arises out of the same contract that forms the basis of the class members' claims and because Plaintiff's counsel was aware that Aaron's would be compelled to pursue breach of contract counterclaims if a class were certified, the counterclaim does not create the type of "undue prejudice" appropriate to justify denial of its leave to amend its counterclaim. Def's Brief at 5–6; Defendant's Brief in Support of Motion to Deny Class Certification at 39–43; Harvey Decl. ¶¶ 52–54.

Aaron's asserts that the Court must exercise supplemental jurisdiction over the counterclaim because it is compulsory pursuant to Rule 13 and 28 U.S.C. § 1367(a), as well as New Jersey Rules 4:7–1 and 4:30A. The proposed amended counterclaim requires a court to examine the terms of each lease agreement at issue to determine whether the agreement contains unlawful provisions and whether each class member is in default of that agreement. Def's Brief at 11. According to Aaron's, because the lease agreements are at the very core of both parties' claims, those claims arise out of the same transaction or occurrence, rendering Aaron's counterclaims compulsory. *Id.* at 10–11. Aaron's argues that if leave to amend were denied, it would be precluded from asserting claims against defaulting class members in state court under the entire controversy doctrine. *Id.* at 9. Accordingly, Aaron's argues that it stands to suffer greater prejudice from an adverse decision than Plaintiff. *Id.*

As to this Court's jurisdiction over the proposed amended counterclaim, Aaron's also points to the fact that this Court has already exercised supplemental jurisdiction over the counterclaim asserted against Korrow, with Plaintiff's consent. Reply at 5. Aaron's claims that the counterclaim it seeks to add against the class members is "legally and factually indistinguishable" from its counterclaim against Korrow, making the PAC mandatory given that it arises from the same case or controversy. Accordingly, Defendant argues that this Court has jurisdiction pursuant to 28 U.S.C. § 1367(a). *Id.* at 6. Moreover, the class claims and the proposed counterclaim derive from a "common nucleus of operative fact," as both center on the terms in each class member's agreement as well as the facts and circumstances surrounding each agreement. *Id.* Specifically, Aaron's argues that Korrow's claim based upon the "Service Plus Fee," which must be determined by a certain percentage of the monthly lease payments, will depend on such factors as the agreement terms, length of time each class member possessed the merchandise, and whether he or she made the payments required by the agreement. *Id.* at 7. Such an in-depth inquiry into that claim will require the Court to consider evidence also relevant to Aaron's counterclaim, making supplemental jurisdiction proper. *Id.* Furthermore, Aaron's asserts that it has already pled set-off and recoupment affirmative defenses that involve the same facts and issues as its proposed counterclaim, the sole difference being that its proposed counterclaim would permit Aaron's to pursue an affirmative recovery. Reply at 12.

### B. Korrow's Arguments

Korrow raises concerns with regard to the due process rights of the absent class members, arguing that they are entitled to notice and service if they are being sued. Plaint's Opp. at 6–7. She posits that such notice and service are impossible, given that Aaron's has not identified the individual class members against whom it seeks to assert a counterclaim. *Id.* at 7. In this regard, Korrow asks the Court to distinguish between such absent class members and actual litigating parties. Plaint's Opp. at 8.

With regard to the Rule 15 standard for amendments, Korrow first argues the pro-

posed amended counterclaim would be futile because this Court lacks jurisdiction to hear it. Plaint's Opp. at 9. According to Korrow, supplemental jurisdiction would be improper because Defendant's proposed counterclaim does not share a "common nucleus of operative fact" with Korrow's statutory claim of unlawful fee arrangements. *Id.* at 10. Korrow asserts that the lease agreement is insufficient to satisfy the § 1367(a) requirement for the same case or controversy, and argues that the motion should also be denied pursuant to § 1367(c)(2) and (4). *Id.* at 11–12.

Korrow distinguishes her statutory claims, which involve the determination of whether certain fees in Aaron's contracts are prohibited, from Aaron's proposed counterclaim, involving the determination of whether a particular customer has defaulted on his or her lease agreement. *Id.*

Korrow disputes Defendant's supplemental jurisdiction rationale by pointing out that Fed.R.Civ.P. 13 only applies to litigating parties, thereby making the proposed counterclaim against absent class members permissive rather than compulsory. Plaint's Opp. at 16. Korrow also contends that the entire controversy doctrine neither creates jurisdiction nor reverse—preempts federal law. Plaint's Opp. at 21. Thus, Aaron's will not be precluded from bringing its counterclaim in state court. *Id.* (citing *Litgo New Jersey, Inc. v. Commissioner,* 725 F.3d 369, 397–98 (3d Cir.2013)).

Plaintiff further challenges the amendment, arguing that it will require additional discovery. Plaint's Opp. at 27–29. According to Plaintiff, the proposed amended counterclaim against Korrow adds new factual assertions about other alleged leasing agreements between Korrow and Aaron's, as well as new counts asserting quantum meruit and unjust enrichment. *Id.* at 27.

As to bad faith or dilatory motive, Korrow argues first that Aaron's was well aware of all facts triggering the new proposed counterclaims for quantum meruit and unjust enrichment against her individually, yet Aaron's never communicated its intentions to amend its pleadings to include these allegations. *Id.* at 30. Second, Korrow asserts that Aaron's motion for leave to amend is a

gross misrepresentation of the actual proposed amendment, and that the addition of claims and causes of action are surely going to alter her defenses.

## III. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 15

Leave to amend a pleading is governed by Rule 15, which allows a party to amend once as a matter of course within a specified time. Fed. R. Civ. P. 15(a)(1). Once that period has passed, a party may amend only with written consent of the adverse party or with leave of court. Fed.R.Civ.P. 15(a)(2). Requests for leave under Rule 15 are liberally granted. *See Prince v. Aiellos,* No. 09–5429, 2012 WL 1883812, at *6 (D.N.J. May 22, 2012). Amendments should be denied only where the court finds "undue delay, bad faith, dilatory motive, unfair prejudice or futility of amendment." *See WHY ASAP, LLC v. Compact Power,* 461 F.Supp.2d 308, 311 (D.N.J.2006), *citing Grayson v. Mayview State Hospital,* 293 F.3d 103, 108 (3d Cir. 2002).

Delay alone is not sufficient to deny a request for leave to amend, *see Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir.1984), but the moving party "must demonstrate that its delay in seeking to amend is satisfactorily explained." *Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 468 (D.N.J.1990) (internal quotes omitted). Courts will deny such a request where delay becomes undue, when its accommodation creates an "unwarranted burden on the court ... [and] unfair burden on the opposing party." *Adams,* 739 F.2d at 868.

Similarly, prejudice must be "undue" and rise to such a level that the non-moving party would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence." *Harrison,* 133 F.R.D. at 468 (internal quotations omitted). In evaluating the extent of any alleged prejudice, the court looks to the hardship on the non-moving party if the amendment were granted. *Cureton v. NCAA,* 252 F.3d 267, 273 (3d Cir.2001). "Specifically, [courts] have considered whether allowing an amendment would result in additional discovery, cost, and prep-

aration to defend against new facts or theories." *Id.*

An amendment is futile when it fails to state a claim upon which relief may be granted. *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997). The standard of review for futility is therefore the same as that for a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *See Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir.1983). When faced with a motion to dismiss for failure to state a claim, the court conducts a two-step analysis. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir.2009). First, the factual elements are separated from the legal elements of the claim. *Id.* at 210–11. The court must accept the factual elements alleged in the well-pleaded complaint as true, but may disregard any legal conclusions. *Id.,* 578 F.3d at 210–11; *Travelers Indem. Co. v. Dammann & Co., Inc.,* 592 F.Supp.2d 752, 764 (D.N.J. 2008).

Second, the court must decide if the facts alleged are sufficient to show a "plausible claim for relief." *Fowler,* 578 F.3d at 210 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1955, 173 L.Ed.2d 868 (2009)). A plausible claim is one which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal,* 129 S.Ct. at 1948). "Ultimately, this two-part analysis is 'context specific' and requires the court to draw on 'its judicial experience and common sense' to determine if the facts pled in the complaint have 'nudged [plaintiff's] claims' over the line from '[merely] conceivable or [possible] to plausible.'" *Hobson v. St. Luke's Hospital and Health Network,* 735 F.Supp.2d 206, 211 (E.D.Pa.2010) (quoting *Fowler,* 578 F.3d at 211).

### B. Federal Rule of Civil Procedure 16

Pursuant to Federal Rule of Civil Procedure 16, the Court is required to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(3)(A). Under the Rule, a scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). Accordingly, "[h]eightened scrutiny of a motion to amend

... is warranted when the motion comes after the period prescribed by Rule 16(b)(3)(A)." *Stolinski v. Pennypacker,* Civ. No. 07–3174, 2011 WL 3608685, at *3 (D.N.J. Aug. 15, 2011). As other courts in this district have recognized, "a party must first demonstrate 'good cause' to amend the Rule 16 Scheduling Order in order to extend the deadline to amend pleadings." *Velto v. Reliance Standard Life Ins. Co.,* Civ. No. 10–1829, 2011 WL 810550, at *4 (D.N.J. Mar. 1, 2011) (citing *Stallings ex rel. Estate of Stallings v. IMB Corp.,* Civ. No. 08–3121, 2009 WL 2905471, at *15 (D.N.J. Sept. 8, 2009)). "Only once the party has shown sufficient 'good cause' to amend the Rule 16 Order to extend the deadline will the Court evaluate the proposed amendment under Rule 15(a). If the moving party is unable to demonstrate 'good cause', the Court will deny the motion and will not proceed to a Rule 15 analysis." *Velto,* 2011 WL 810550, at *4.

A determination of "good cause" under Rule 16 depends on the diligence of the moving party. *GlobespanVirata, Inc. v. Texas Instruments Inc.,* Civ. No. 03–2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005). Specifically, to demonstrate "good cause" pursuant to Rule 16, the moving party must show that, despite its diligence, the deadlines set forth in the scheduling order could not reasonably be met. *Id.; see also Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 469 (D.N.J.1990). Moreover, the absence of prejudice to the non-moving party does not constitute "good cause" under Rule 16. *GlobespanVirata,* 2005 WL 1638136, at *3.

### IV. ANALYSIS

#### A. Proposed Counterclaims Against Class Plaintiffs

##### 1. Futility

Plaintiff contends that the proposed amended counterclaims must be denied as futile on jurisdictional grounds. Defendant, however, argues that the counterclaims are mandatory; even if they are not, they should be allowed as permissive. Thus, the central issue of the current motion is whether or not

the Court has jurisdiction over Defendant's debt-collection counterclaims against class plaintiffs.

The parties do not dispute that the Court has original jurisdiction over Plaintiff's class action state law claims for violation of the RISA, CFA, and TCCWNA based on diversity under the Class Action Fairness Act, 28 U.S.C. § 1332(d). It is likewise undisputed that because the Court lacks either federal question jurisdiction or diversity jurisdiction over Defendant's proposed state law counterclaims, any jurisdiction the Court may have must be found elsewhere.

### a. Supplemental Jurisdiction Under 28 U.S.C. § 1367(a)

Pursuant to 28 U.S.C. § 1367 a federal district court may exercise supplemental jurisdiction over certain claims:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional claims.

In general, the Third Circuit Court of Appeals has treated § 1367 as codifying the jurisdictional standard previously set forth by the Supreme Court in *United Mine Workers v. Gibbs ("Gibbs")*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *Sinclair v. Soniform, Inc.*, 935 F.2d 599, 603 (3d Cir. 1991). When considering whether a claim constitutes the "same case or controversy under Article III" of § 1367(a), the Third Circuit has resorted to the "common nucleus of operative facts" analysis provided by *Gibbs*. *Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir.1995) (quoting *Gibbs*, 383 U.S. at 725, 86 S.Ct. 1130.)

Virtually by definition, the test for a common nucleus of operative facts is factually intensive, requiring comparison of the cause of action conferring original jurisdiction to the cause of action for which supplemental jurisdiction is considered. Indeed, the Third Circuit has cautioned that no two cases of supplemental jurisdiction are exactly alike. *Nanavati v. Burdette Tomlin Memorial Hosp.*, 857 F.2d 96, 105 (3d Cir.1988). To some extent, the § 1367(a) analysis is less of an issue here. Aaron's has a counterclaim against Korrow for breach of contract in the Amended Answer, and Korrow did not contest the Court's jurisdiction to decide it. For purposes of the motion only, the Court therefore finds there is sufficient basis for the PAC to survive a 1367(a) challenge. This is not, however, the end of the inquiry. The real issue is whether the Court should decline jurisdiction under § 1367(c).

### b. Discretion Under 28 U.S.C. § 1367(c)

■ Although § 1367 may permit a court to exercise supplemental jurisdiction in its first paragraph, its third paragraph also bestows upon a district court the authority to decline to exercise jurisdiction if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*See also Hudson United Bank v. LiTenda Mortgage Corp.*, 142 F.3d 151, 157 (3d Cir. 1998). "In enacting section 1367, Congress intended to enhance a district court's ability to gain jurisdiction over pendent claims and parties while providing those courts with the discretion to decline to exercise supplemental jurisdiction in several express circumstances." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir.2003). "A court must examine the scope of the issues, the terms of proof required by each type of claim, the comprehensiveness of the remedies, and the ability to dismiss the [supplemental] state claims without prejudice to determine whether the state claim constitutes

the real body of the case." *Id.* at 312. "This necessarily is a case-specific analysis." *Id.* at 312.

In *Channell v. Citicorp Nat'l Servs., Inc.*, Civ. No. 91–3428, 1996 WL 563536 (N.D.Ill. September 27, 1996), the District Court for the Northern District of Illinois addressed similar circumstances. The plaintiff in that case brought suit on behalf of herself and class members who had signed auto lease agreements that they alleged violated the Consumer Leasing Act, 15 U.S.C. § 1667, *et seq.* ("CLA"). 1996 WL 563536, at *2–3. On remand with instructions from the Seventh Circuit, the district court considered the applicability of § 1367(c) to the defendant's counterclaims seeking to collect monies due on class members' leases, based on state contract law. *Id.* at *3. The *Channell* court ultimately declined to exercise supplemental jurisdiction, based in part on its assessment of the case with respect to § 1367(c)(2). *Id.* at *9. In the course of its analysis, the court found a number of factors persuasive: (1) 96 separate collections counterclaims would predominate over the resolved federal causes of action; (2) state small claims courts were better situated to handle the collection counterclaims; (3) the counterclaims were more than mere mechanical calculations that might "necessitate extensive litigation of individualized contract liability and damages issues in 96 separate cases;" (4) exercising jurisdiction over the counterclaim would chill private enforcement of the CLA; and (5) the court had already limited the plaintiffs' recovery to an offset to collection by the defendants in independent actions. *Id.* at *7–9. Ultimately, the court in Channell concluded that allowing the counterclaims against 96 class members risked converting the case "into a Pandora's Box of ... separate collection actions which this Court is ill-equipped to handle." *Channell,* 1996 WL 563536, at *6.

Here, in certifying the class the Court has already observed that "a single determination of the legality of the fees charged by Defendant will determine liability for the entire class." *Korrow v. Aaron's Inc.,* Civ. No

10–6317, 2013 WL 5811496, at *9 (D.N.J. July 31, 2013). The Court therefore expects substantial commonalities in these factual issues.

In contrast, Defendant's counterclaims would require proof of additional elements, including: whether class members breached their agreements; whether they made their monthly payments; whether they paid late fees; whether their checks were returned due to insufficient funds; whether they destroyed or misappropriated furniture; whether Defendant performed its obligations under the agreements; and whether Defendant preserved its rights. *See* PAC ¶¶ 23, 26, 37. The remedies implications are similarly formidable and fact intensive.

Plaintiff raises concerns about notice and the due process rights of the absent claims members. Careful notice would need to be given to prospective class members so that they understood the full import of participating in the class action. Even then, the Court would be put in the untenable position of assessing damages against absent parties that were never given the opportunity to individually oppose the counterclaims. As a practical matter, exercising jurisdiction over Defendant's counterclaims would put this Court at even greater risk of opening the Pandora's box that so concerned the *Channell* court, given that Aaron's estimates there would be counterclaims against approximately 9,000 absent class members. For these reasons, the Court finds that Defendants have not met their burden of establishing that the proposed counterclaims against class plaintiffs would not predominate over the plaintiffs' class action claims. Accordingly, although the Court *may* exercise supplemental jurisdiction over the counterclaims by virtue of 1367(a), it concludes that, in keeping with 1367(c)(2) it *should not* do so.[3]

### 2. Federal Rule 13

Defendant argues in the alternative that its counterclaims are compulsory and that the Court *must* therefore exercise jurisdiction over them. Federal Rule of Civil Proce-

---

**3.** Because the Court finds § 1367(c)(2) provides sufficient basis to decline jurisdiction, it need not address Plaintiff's argument under § 1367(c)(4).

dure 13(a) requires a party to assert as a counterclaim any cause of action that is available against the opposing party that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." The failure to plead a compulsory counterclaim bars a later independent action on that claim. *M.R. v. Ridley Sch. Dist.*, 744 F.3d 112, 121 (3d Cir.2014) (citing *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974)).

"The traditional rule is that federal courts have supplemental jurisdiction over compulsory counterclaims, because a plaintiff would otherwise lose his opportunity to be heard on those claims." *Fid. Nat. Title Co. v. U.S. Small Bus. Admin.*, Civ. No. 13–02030, 2014 WL 1883939, at *4 (E.D.Cal. May 12, 2014) (citing *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974)). It is questionable whether this argument, however, even applies in this context: although the Third Circuit has not addressed this issue, the Eleventh Circuit has explicitly stated that "Rule 13 . . . is inapplicable in class action suits, because 'absent class members are not opposing or litigating adversaries for purposes of Rule 13.'" *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1260 (11th Cir.2003) *aff'd sub nom. Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) (citation omitted); *see also* Newberg on Class Actions § 9.24 (5th ed. 2014). The Court finds this compelling, particularly in light of the rationale against deeming an absent class member to be "an opposing party." In the alternative, as Plaintiff notes in her brief, the First, Second, and Seventh Circuit Courts of Appeals have concluded that the compulsory/permissive distinction of Rule 13 was superseded by the enactment of 28 U.S.C. § 1367 in 1990: *Global NAPs, Inc. v. Verizon New Eng., Inc.*, 603 F.3d 71, 76 (1st Cir.2010); *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 212 (2d Cir.2004); *Channell*, 1996 WL 563536.

■ Even if a permissive/compulsory analysis for jurisdiction were appropriate in this context, the Court must consider whether the factual allegations of Defendants' pleading, taken as true, are sufficient to invoke juris-diction. *Chen v. Century Buffet & Rest.*, Civ. No. 09–1687, 2011 WL 2600715, at *1 (D.N.J. June 29, 2011) (citing *Turicentro, S.A. v. American Airlines, Inc.*, 303 F.3d 293, 300 n. 4 (3d Cir.2002)). Defendant bears the burden of persuasion to show subject matter jurisdiction exists. *Id.* (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991)). Aaron's cites Third Circuit authority prior to the 1990 enactment of § 1367, *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631 (3d Cir.1961), for the proposition that its counterclaims are compulsory, arguing therefore that the Court must assert jurisdiction because both its counterclaims and Plaintiff's claims "require resort to their respective Agreements." Def's Brief at 11. According to Defendant, "[a]ll of these claims require examination of the terms of each contract at issue to determine whether it contains unlawful provisions and whether each class member is in default." *Id.* "In other words, all of these clams arise from the same transaction or occurrence as the class members' claims and, consequently, are compulsory counterclaims that now must be brought due to the certification of a class, or forever forfeited." *Id.*

Defendant's assertions, which are stated without factual support, are unpersuasive. That Plaintiff's claims and Defendant's counterclaims are rooted in the same agreements is not enough. Indeed, even if Defendant is correct and the Court must look at whether certain fees were paid, a number of other factual issues would have to be addressed if the counterclaims were allowed to proceed, as enumerated earlier, with regard to each party's performance and alleged breach of each contract at issue. This Court is loath to open that Pandora's Box. The Court therefore rejects Defendant's arguments based on Rule 13 and therefore finds that Defendant's proposed counterclaims are futile within the meaning of Rule 15.

### 3. FRCP 16 Good Cause and FRCP 15 Undue Delay

■ The Amended Pretrial Scheduling Order of February 15, 2012 set a deadline of April 13, 2012 for any motion to amend the pleadings or join new parties. [Docket Entry No. 35]. Defendant's present motion was

filed October 4, 2013, well past the date in the Order. In the interim, however, the Court granted class certification on July 31, 2013. Prior to that certification, the class and its members were merely putative. A petition for leave to appeal to the Third Circuit Court of Appeals followed, but was denied on September 12, 2013. Inasmuch as Aaron's has sought leave to amend to add counterclaims against parties whose existence in the case only came about approximately a month before its motion, the Court is satisfied that Aaron's acted with the requisite diligence. Accordingly, the Court finds that Aaron's has met its burden of showing good cause under Rule 16. Similarly, Defendant's application does not manifest undue delay with respect to its counterclaims against class plaintiffs.

### 4. Prejudice

Defendant asserts that any burden on class plaintiffs would not be undue, especially in light of the prejudice denial of the amendment would cause to Defendant. Defendant vigorously contends that it would be prejudiced if its counterclaims were not included in the case. As bases for this argument, Defendant cites both the New Jersey entire controversy doctrine, Rule 4:30A, and the mandatory counterclaim rule, Rule 4:7–1.

■ The entire controversy doctrine and mandatory counterclaim rule are affirmative defenses that operate to preclude a claimant in a subsequent action from raising claims it should have raised in a prior action. *Rycoline Products, Inc. v. C & W Unlimited*, 109 F.3d 883, 885–86 (3d Cir.1997) (The doctrine is "New Jersey's specific, and idiosyncratic, application of *res judicata* principles," and requires a party to assert in the same action "all affirmative claims that [it] might have against another party, including counterclaims" and defenses to avoid forfeiture of those claims.). Likewise, New Jersey Rule 4:7–1 regarding mandatory and permissive counterclaims requires that parties to an action must plead such claims as required under New Jersey's entire controversy or "thereafter be precluded from bringing any action for such claim...."

■ While the entire controversy doctrine and mandatory counterclaim rule may require a party to raise certain claims, a dismissal by a federal court on jurisdictional grounds does not bar the pursuit of those same claims in a later action. *Kozyra v. Allen*, 973 F.2d 1110, 1112 (3d Cir.1992) ("[T]he party whose claim is being sought to be barred must have had a fair and reasonable opportunity to have fully litigated that claim in the original action."); *Watkins v. Resorts Int'l Hotel and Casino, Inc.*, 124 N.J. 398, 591 A.2d 592, 605 (1991) ("[B]ecause the federal court judgment was not on the merits, it does not preclude plaintiffs from raising their state claims in state court."); *Archbrook Laguna, LLC v. Marsh*, 414 N.J.Super. 97, 997 A.2d 1035, 1041 (Ct. App.Div.2010) ("Upon dismissal of a federal suit on jurisdictional grounds, as a general matter, the second state court action will likely be permitted to be maintained.").

For all of the reasons set forth above, the Court finds that Defendant has not met its burden under Rule 15, and the portion of the motion that seeks permission to add counterclaims against class plaintiffs is therefore denied.

### B. Proposed New Counterclaims Against Korrow

■ The bulk of Defendant's briefing is directed to its request to add counterclaims as to class plaintiffs. The PAC, however, also includes new counterclaims as to Korrow, expanding upon the current breach of contract counterclaim against Korrow to add claims for quantum meruit (Count II) and for unjust enrichment (Count III), as well as new facts. PAC ¶¶ 25–36, 38, 39, 41.

Not surprisingly, Korrow challenges the propriety of adding counterclaims and new factual allegations against her nearly two years after Defendant filed its initial Answer. Korrow devotes several pages of her opposition to voicing her objections based upon the traditional Rule 15 inquiries into a moving party's delay, failure to avail itself of previous opportunities to amend, prejudice, bad faith, and/or dilatory motive. On reply, Aaron's glosses over Korrow's objections, confining its arguments to Rule 15. It relies on the maxim that amendments are generally to be

liberally granted, and asserts that the addition of the quantum meruit and unjust enrichment claims is of "no moment" because the Amendment puts no different facts at issue and would therefore not be prejudicial. Reply at 3. Aaron's does not respond to Korrow's objection that the PAC also adds new facts against her.

Absence of prejudice to the non-movant, however, is not the sole criterion for a party seeking to amend a pleading well after the deadline has passed. Defendant bears the burden of showing good cause under Rule 16 to persuade the Court that, despite its diligent efforts, it was unable to know until long after April 13, 2012, its deadline for seeking leave to amend its pleading, that it had a counterclaim against Korrow for both quantum meruit and unjust enrichment or that there were additional facts to be asserted against Korrow. Defendant points to no new facts to justify its late request. In fact, it concedes that its new counterclaims are premised on the same facts as its existing counterclaim.

Given the substantial time that elapsed and the absence of any evidence of diligence, the Court finds that Aaron's has failed to carry its burden of showing good cause. Accordingly, the portion of Defendant's motion that seeks to add new counterclaims and factual allegations against Korrow is denied.

For the reasons stated above, and for good cause shown,

**IT IS** on this **30th** day of **June, 2014,**

**ORDERED** that Defendant's motion for leave to amend [Docket Entry No. 90] is hereby DENIED; and it is further

**ORDERED** that the parties shall meet and confer as to the form of Notice to the class member Plaintiffs and to submit a proposed Notice within 20 days of the entry of this Order.